UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

MARVIN E. BURRIS,

   Plaintiff,

v.

          CASE NO.:

CSX TRANSPORTATION, INC.,

   Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant CSX Transportation, Inc. ("Defendant" or "CSXT"), by counsel, hereby removes this action from the Court of Common Pleas, Twelfth Judicial Circuit, Florence County, South Carolina, to the United States District Court for the District of South Carolina, Florence Division. Removal is proper because this Court has federal question and diversity jurisdiction over this action pursuant to 28 U.S.C. § 1331 *et seq.* and 28 U.S.C. § 1332. The grounds for removal are as follows:

### I. BACKGROUND

1. On November 14, 2022, Plaintiff Marvin Burris filed a Complaint in the Court of Common Pleas, Twelfth Judicial Circuit, Florence County, South Carolina, in a case styled as *Marvin Burris v. CSX Transportation, Inc.,* Case No. 2022CP2102458. Copies of all process, pleadings, motions, and orders from the state court file are attached as **Exhibit A**.

2. Plaintiff served the Complaint on CSXT on January 18, 2023. Therefore, this Notice of Removal, filed within 30 days of service of the Complaint, is timely pursuant to 28 U.S.C. § 1446(b)(1).

1

## II.     FEDERAL QUESTION JURISDICTION

3.      In the Complaint, Plaintiff claims violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000c, *et seq.,* and 42 U.S.C. § 1981.

4.      Removal of this case is therefore proper under 28 U.S.C. § 1331 because these causes of action all arise under federal law.

## III.     DIVERSITY JURISDICTION

5.      The Court has diversity jurisdiction over the claims raised in the Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      The Complaint alleges that Plaintiff is a resident of Sumter County, South Carolina. Compl. ¶ 1.  Plaintiff is a citizen of South Carolina.

7.      CSXT is a citizen of both Virginia and Florida as it is incorporated under the laws of the Commonwealth of Virginia and maintains its principal place of business in Jacksonville, Florida.  28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005) (a corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business); Compl. ¶ 2 (alleging CSXT is headquartered in Florida).

8.      Complete diversity of citizenship existed between Plaintiff (South Carolina) and Defendant (Virginia and Florida) at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

9.      Plaintiff's Complaint demands various forms of relief, including but not limited to lost income, employment benefits, emotional distress, punitive damages, and attorney's fees and costs.  Compl. ¶¶ 17, 29, 34.

10. Therefore, the amount in controversy in this case clearly exceeds the jurisdictional threshold of $75,000.00.

11. Removal of this case is therefore proper under 28 U.S.C. §§ 1441(b) and 1446(b) and (c) because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## IV.     VENUE

12. Venue is proper in this Court because this district encompasses the Court of Common Pleas, Twelfth Judicial Circuit, Florence County, South Carolina, the forum from which the case has been removed. *See* 28 U.S.C. § 1441(a).

## V.     NOTICE

13. Concurrent with filing this Notice of Removal, CSXT will file a Notice of Filing of Removal with the Court of Common Pleas, Twelfth Judicial Circuit, Florence County, South Carolina, and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Removal is attached hereto as **Exhibit B**.

## VI.     MISCELLANEOUS

14. This action has not previously been removed to federal court.

15. CSXT reserves the right to amend its Notice of Removal to cure any procedural defects or correct any errors, or as otherwise appropriate.

16. If any questions arise as to the propriety of the removal of this action, CSXT requests the opportunity to present a brief and argument in support of its position that this case is removable.

Dated: February 10, 2023

McGuireWoods LLP

/s/ T. Richmond McPherson, III
T. Richmond McPherson, III
SC Federal Bar No. 11214
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202-2146
Telephone: (704) 343-2000
rmcpherson@mcguirewoods.com

Thomas R. Brice
Florida Bar No. 0018139
(pro hac vice application forthcoming)
tbrice@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone:  (904) 798-2629
Facsimile: (904) 360-6335

Attorneys for Defendant, CSX Transportation, Inc.

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished

via email and U.S. Mail, postage prepaid, this 10th day of February 2023, upon:

Glenn Walters, Sr., Esq.
1910 Russell Street
P.O. Box 1346
Orangeburg, SC  29116

Hemphill P. Pride II, Esq.
Law Office of Hemphill P. Pride II
1401 Gregg Street
P.O. Box 4529
Columbia, SC  29240

*Attorneys for Plaintiff*

/s/ T. Richmond McPherson, III
T. Richmond McPherson, III

5