# EXHIBIT A



# Florence County
## Twelfth Judicial Circuit
### Public Index



Florence County Home Page  South Carolina Judicial Department Home Page  SC.GOV Home Page

Switch View

## Marvin E Burris VS Csx Transportation Inc

| Case Number: | 2022CP2102458 | Court Agency: | Common Pleas Court | Filed Date: | 11/14/2022 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Empl Discrim 170 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

## Case Parties
Click the ⌄ icon to show associated parties.

| Name | Address | Race | Sex | Year Of Birth | Party Type | Party Status | Last Updated |
|---|---|---|---|---|---|---|---|
| Burris, Marvin E | | | | | Plaintiff | | 11/15/2022 |
| Csx Transportation Inc | | | | | Defendant | | 11/15/2022 |
| Walters, Glenn Sr. | PO Box 1346 Orangeburg SC 291161346 | | | | Plaintiff Attorney | | 11/15/2022 |

## Actions

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Burris, Marvin E | ADR/Alternative Dispute Resolution (Workflow) | Action | | 06/12/2023-22:10 | | |
| Burris, Marvin E | Summons & Complaint | Filing | | 11/14/2022-22:10 | | 📄 |

## Financials

### Summary

| Fine/Costs: | $150.00 | Total Paid for fine/costs: | $150.00 | Balance Due: | $0.00 |
|---|---|---|---|---|---|

### Costs

| Description | Cost Code | Amount | Charge Action | Disbursed Amount |
|---|---|---|---|---|
| SCJD Filing Fee Proviso $50 / $25 | SCJDPV | $50.00 | | $50.00 |
| Civil Filing Fee State 56% | CVFFST | $56.00 | | $56.00 |
| Civil Filing Fee County 44%/100% | CVFFCN | $44.00 | | $44.00 |

### Payments

| Payment Date | Receipt Number | Entered By | Transaction Type Code | Payment Amount |
|---|---|---|---|---|
| 11/15/2022 | 81173 | c21cgregg | PY | $150.00 |

CMSWeb 6.1 © 2019 South Carolina Judicial Branch • All rights reserved

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE | ) | |
| | | |
| MARVIN E. BURRIS, | ) | Case No.: 2022-CP-21-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **SUMMONS** |
| | ) | **(Jury Trial Requested)** |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**TO: THE ABOVE – NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer or responsive pleading to the said Complaint on the undersigned Attorney for the Plaintiff, at Post Office Box 1346, Orangeburg, SC 29116, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this Complaint.

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

[Only the signature block is contained on this page].

| | |
|---|---|
| At Orangeburg, SC | /s/ Glenn Walters, Sr._____ |
| | GLENN WALTERS, Esquire |
| Dated: October 6, 2022 | 1910 Russell Street (29115) |
| | Post Office Box 1346 |
| | Orangeburg, SC 29116 |
| | Ph: 803 531-8844 |
| | Fax: 803 531-3628 |
| | SC Bar No.: 13198 |
| | Attorney for Plaintiff |
| | |
| | /s/ Hemphill P. Pride II |
| | Hemphill P. Pride II |
| | Law Office of Hemphill P. Pride II |
| | 1401 Gregg Street |
| | P.O. Box 4529 |
| | Columbia, SC 29240 |
| | Phone: (803) 256-8015 |
| | Fax: (803) 771-8014 |
| | |
| | Attorney for Plaintiff |

2

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|  | ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE | ) | |
|  | ) | |
| MARVIN E. BURRIS, | ) | Case No.: 2022-CP-21-_____ |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | |
|  | ) | **COMPLAINT** |
|  | ) | **(Jury Trial Requested)** |
|  | ) | |
| CSX TRANSPORTATION, INC., | ) | |
|  | ) | |
| Defendant. | ) | |
| _____ | ) | |

**NOW COMES PLAINTIFF,** Marvin E. Burris [hereinafter "Plaintiff" or "Burris"], by and through the undersigned attorney, complaining of and asserting the following claims against **DEFENDANT CSX TRANSPORTATION, INC.**, [hereinafter referred to as "Defendant" or "CSXT"] as follows:

## GENERAL ALLEGATIONS:

1. Plaintiff is a resident of the County of Sumter, State of South Carolina now and at all times relevant to this lawsuit.

2. Upon information and belief, the Defendant is a multi-national transportation corporation "based in Jacksonville, Florida. It provides rail, intermodal and rail-to-truck transload services and solutions to customers across a broad array of markets, including energy, industrial, construction, agricultural, and consumer products. Its network connects every major metropolitan area in the eastern United States, where nearly two-thirds of the nation's population resides. It also

3

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

links more than 230 short-line railroads and more than 70 ocean, river and lake ports with major population centers and farming towns alike."

3. At all times relevant to this lawsuit, Defendant employed between 15,000 to 20,000 employees.

4. Defendant CSX's registered agent in the State of South Carolina is **CT Corporation System, 2 Office Part Court, Suite 103, Columbia, South Carolina 29223**.

5. This Court has jurisdiction over the parties to and concurrent subject matter of this litigation.

6. Venue of this litigation is proper in this Court.in that the allegations occurred in the County of Sumter, State of South Carolina.

**FIRST CLAIM FOR RELIEF:**
**(Racial Discrimination and Harassment, Title VII**
**Of the Civil Rights Act as 1964, as amended)**
**(Discriminatorily Hostile Work Environment)**

7. Plaintiff incorporates by reference the allegations contained in paragraphs one through six above within this First Claim for Relief as if fully set out herein.

8. Plaintiff is an African American male, and he was the sole African American person working in the particular area or division for the Defendant.

9. From March 25, 2019, to the present, Defendant, by and through its employees, has subjected Plaintiff to race-based discrimination by creating a hostile work environment in violation of Title VII, of the Civil Rights Act of 1964, as amended.

10. During the alleged time frame, Defendant created, through a series of racially motivated events, ["hereinafter referred to as "acts of discrimination"] created a racially discriminatory work environment through the following acts:

| Date: | Act of Discrimination: |
|---|---|
| 03/25/2019 | Brian harassed Burris for asking for a pay code for him to attend a mediation with CSX. |
| 6/22/2019 | Brian accused Burris of stealing the company's toilet paper and a chain saw. He did not accuse the white employees of these crimes. |
| 7/19/2019 | Brian M. harassed Burris for being at Walmart during his lunch hour. But white colleagues are not harassed for going to businesses during their lunch break. |
| 9/17/2019 | Marvin starts accusing Burris of stealing company items. Marvin made such accusations in front of Burris' white co-workers but did not accuse the white co-workers. White workers present: Jack, Andrew H. Gary R., and possibly others. |
| 10/27/2019 | Burris is accused of stealing water in front of white co-workers. But white workers are not accused. |
| 10/21/2020 | Burris was ordered to stay at work to do track inspection. He is the only African American Employee. |
| 10/22/2021 | There was a safety meeting and Burris was excluded from the meeting. All Caucasians were taken to this lunch safety meeting on company expense. |
| 10/26/2021 | Was deprived of vacation because of the company policy that no two employees are allowed to take vacation at the same time. Gary W. and Trevor M, both Caucasian employees, were allowed to take vacation at the same time.<br><br>Brian kept calling Burris about starting a new job when the initial job was not finished. The calls kept coming to the point of being harassing. |
| 10/29/2021 | Burris was denied the flagging job that was given to the younger Caucasian worker. Flagging is an easier job. This is consistent with Burris not being called for the easier jobs. |
| 11/1/2021 | Burris was driving a rental truck. Brian ordered Burris to give the rental truck to Matt N., a white worker. Brian stated that they were turning the rental truck back in. However, they kept the rental truck after they got it back from Burris. This is consistent with having Burris driving the raggedy truck that has mechanical issues. |

5

| | |
|---|---|
| 11/11/2021 | Brian had Burris meet at Mr. Bunky's. It is alleged that the owner of this establishment is the grandfather of the person involved in the Charleston mass shooting at a black AME church. |
| 5/9 to 13/2022 | Brian allowed Buckner, a white employee, to come in early to facilitate his duties as a track inspector. However, he would not allow Burris to come in early when Burris was assigned track inspection duties. |
| 3/5/2022 | Employees were allowed to order items from the CSX Store as a Safety Anniversary Award. Burris order six engineer caps, Order No. C740. All the white employees received the things that they ordered but Burris did not receive the items that he ordered. |
| 4/26/2022 | Justin Bishop excluded Burris from a safety overlap meeting. Justin Bishop told Employees Relations that the meeting was an audit, which was a lie. The meeting was in fact a safety overlap meeting. |
| 6/15/2022 | Dustin, a white employee, teases Burris about the time when he was excluded from the training overlap meeting by Don C. |
| 6/23/2022 | Burris was unjustly accused of having bankers' hours. (Bruce Skinner) |
| 7/18/2022 | There was a derailment on a Florence yard. Brian M. took Burris truck to Florence and did not return it. All the white employees' trucks that went to Florence returned. Burris had to pay someone to Florence to get his truck. |
| 7/22/2022 | Burris helped the bridge department to work on the Andrew Sub because Ken K.'s boom truck was down. Ken K. and Burris do the same job. The only difference is that Ken K is white, and he is paid more money than Burris. |
| 7/29/2022 | This was a day off for Burris. Despite this being Burris day off, Brian called Burris and invited him to a safety training meeting. |

11. At all times relevant to the alleged period, Plaintiff was fully qualified to perform the essential functions of his assigned job for the Defendant.

12. The acts of discrimination as heretofore alleged were unwelcomed by the Plaintiff.

6

13. The acts of discrimination as alleged above individually and collectively created a hostile work environment that caused solely because of the Plaintiff's racial or because of his disability, and the alleged acts were perpetrated and caused by Plaintiff's race.

14. The acts of discrimination were sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment.

15. As a direct and proximate result of the hostile and discriminatory work environment, Plaintiff's conditions of employment were altered in one or more of the following ways:

    a. By paying him less for the same work as a White employee who performed the same job as he performed.

    b. By denying him the right to attend training meetings on the same condition and terms as White employees.

    c. By denying him the opportunity to perform his job with the same quality of equipment that was used by White employees to perform their jobs.

    d. By denying him of the opportunity to take vacations on the same terms and conditions as White Employees.

16. The acts of the employees who caused the acts of discrimination is imputable to the Defendant employer because it failed to remedy the situation after it had notice that the acts of discrimination were being perpetrated by the employees. Instead of remedying the acts of discrimination, employee Lisa J., a human resource investigator told Burris not to tell anyone about one or more of the incidents that was discriminatory.

17. As a direct and proximate result of the Defendant's discriminatory conduct, Plaintiff suffered damages in the form of loss of pay, pain and suffering, anxiety, humiliation, loss

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

7

of sleep, and other forms of intangible damages, all in an amount to be proved at trial of the case.

## SECOND CLAIM FOR RELIEF:
### (Racial Discrimination and Harassment, Title VII Of the Civil Rights Act as 1964, as amended)
### (Disparate Treatment)

18. Plaintiff incorporates by reference the allegations contained in paragraphs one through seventeen above within this Second Claim for Relief as if fully set out herein.

19. Plaintiff is a member of a protected class.

20. At all times relevant to this lawsuit, Plaintiff's was a qualified for his job and his work performance was satisfactory.

21. Because of his race as African American, and the only African American working in this particular location or division for the Defendant, Defendant treated the Plaintiff different than similarly situated White employees by perpetrating the following acts of discrimination:

| Date: | Act of Discrimination: |
|---|---|
| 7/19/2019 | Brian M. harassed Burris for being at Walmart during his lunch hour. But white colleagues are not harassed for going to businesses during their lunch break. |
| 9/17/2019 | Marvin starts accusing Burris of stealing company items. Marvin made such accusations in front of Burris' white co-workers but did not accuse the white co-workers. White workers present: Jack, Andrew H. Gary R., and possibly others. |
| 10/22/2021 | There was a safety meeting and Burris was excluded from the meeting. All Caucasians were taken to this lunch safety meeting on company expense. |
| 10/26/2021 | Was deprived of vacation because of the company policy that no two employees are allowed to take vacation at the same time. Gary W. and Trevor M, both Caucasian employees, were allowed to take vacation at the same time. |

8

| | |
|---|---|
| 10/29/2021 | Burris was denied the flagging job that was given to the younger Caucasian worker. Flagging is an easier job. This is consistent with Burris not being called for the easier jobs. |
| 11/1/2021 | Burris was driving a rental truck. Brian ordered Burris to give the rental truck to Matt N., a white worker. Brian stated that they were turning the rental truck back in. However, they kept the rental truck after they got it back from Burris. This is consistent with having Burris driving the raggedy truck that has mechanical issues. |
| 5/9 to 13/2022 | Brian allowed Buckner, a white employee, to come in early to facilitate his duties as a track inspector. However, he would not allow Burris to come in early when Burris was assigned track inspection duties. |
| 3/5/2022 | Employees were allowed to order items from the CSX Store as a Safety Anniversary Award. Burris order six engineer caps, Order No. C740. All the white employees received the things that they ordered but Burris did not receive the items that he ordered. |
| 4/26/2022 | Justin Bishop excluded Burris from a safety overlap meeting. Justin Bishop told Employees Relations that the meeting was an audit, which was a lie. The meeting was in fact a safety overlap meeting. |
| 7/18/2022 | There was a derailment on a Florence yard. Brian M. took Burris truck to Florence and did not return it. All the white employees' trucks that went to Florence returned. Burris had to pay someone to Florence to get his truck. |
| 7/22/2022 | Burris helped the bridge department to work on the Andrew Sub because Ken K.'s boom truck was down. Ken K. and Burris do the same job. The only difference is that Ken K is white, and he is paid more money than Burris. |

22. As a direct and proximate result of the Defendant's discriminatory conduct, Plaintiff suffered damages in the form of loss of pay, pain and suffering, anxiety, humiliation, loss of sleep, and other forms of intangible damages, all in an amount to be proved at trial of the case.

9

23. The employer engaged in unlawful discrimination and did so with malice and reckless indifference. Moreover, the intentional discrimination was perpetrated by a manager. Therefore, Plaintiff is entitled to an award of punitive damages, in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF:
**(Racial Discrimination and Harassment, 42 U.S.C. § 1981, as amended)**
**(Disparate Treatment and Hostile Work Environment)**

24. Plaintiff incorporates by reference the allegations contained in paragraphs one through twenty-three above within this Third Claim for Relief as if fully set out herein

25. At all times relevant to this lawsuit, Plaintiff enjoyed a contract of employment with the Defendant that started on or about June 01, 1999.

26. The Defendant intended to discriminate against the Plaintiff.

27. Defendant's acts of discrimination as heretofore alleged interfered with the Plaintiff's contract of employment with the Defendant, and the said acts of discrimination prevented the Plaintiff from enjoying his contractual rights on the same terms and condition as similarly White employees, thereby, violation the express provisions of 42 U.S.C. § 1981, as amended.

28. As a direct and proximate result of the Defendant's discriminatory conduct, Plaintiff suffered damages in the form of loss of pay, pain and suffering, anxiety, humiliation, loss of sleep, and other forms of intangible damages, all in an amount to be proved at trial of the case.

29. The employer engaged in unlawful discrimination and did so with malice and reckless indifference. Moreover, the intentional discrimination was perpetrated by a manager.

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

Therefore, Plaintiff is entitled to an award of punitive damages, in an amount to be proved at trial.

**FOURTH CLAIM FOR RELIEF:**
**(Violation of the Age Discrimination Act (ADEA) of 1967)**

30. Plaintiff incorporates by reference the allegations contained in paragraphs one through twenty-nine above within this Fourth Claim for Relief as if fully set out herein.

31. Plaintiff was born on November 19, 1965.

32. During the relevant period as heretofore alleged, some of the Defendant's acts of discrimination was perpetrated because of the Plaintiff's age.

33. Defendant violated the ADEA in one or more of the following ways:

    a. By consistently assigning the younger White employees the easier work tasks such as flagging.

    b. By consistently providing the younger White employees the better equipment with which to do their jobs.

    c. By consistently allowing the White younger employees to break company policies such as the cell phone policy and the time policy.

34. As a direct and proximate result of the Defendant's discriminatory age discrimination, Plaintiff suffered damages in the form of loss of pay, pain and suffering, anxiety, humiliation, loss of sleep, and other forms of intangible damages, all in an amount to be proved at trial of the case.

**WHEREFORE**, having asserted his claims against the Defendant, Plaintiff prays for the following relief:

    a. For a judgment of actual and punitive damages against the Defendants, in an amount to be proved at trial.

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

ELECTRONICALLY FILED - 2022 Nov 14 10:10 PM - FLORENCE - COMMON PLEAS - CASE#2022CP2102458

b. For an award of attorney's fees as allowed by law.

c. For such further relief as the Court deems just and proper.

**Plaintiff requests a jury trial.**

Dated:  October 6, 2022             /s/ Glenn Walters, Sr. Esquire
                                                GLENN WALTERS, Sr., Esquire

At Orangeburg, SC                  1910 Russell Street (29115)
                                                Post Office Box 1346
                                                Orangeburg, SC 29116
                                                Phone:  803 531-8844
                                                Fax:  803 531-3628

                                                Attorney for Plaintiff


                                                /s/ Hemphill P. Pride II

                                                Hemphill P. Pride II
                                                Law Office of Hemphill P. Pride II
                                                1401 Gregg Street
                                                P.O. Box 4529
                                                Columbia, SC 29240
                                                Phone:  (803) 256-8015
                                                Fax:  (803) 771-8014

                                                Attorney for Plaintiff